IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH MORROW AND MARCELLA MORROW, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1740 |
| BANK OF AMERICA, N.A. and SPECIALIZED LOAN SERVICING LLC, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

**I.   Background**

This is a foreclosure case. Joseph and Marcella Morrow purchased property in Crosby, Texas in October 2004. They refinanced in May 2014 with a $140,000 home-equity loan from Bank of America, N.A. (Docket Entry No. 3 at 1). After the Morrows failed to make loan payments, Bank of America applied for an expedited foreclosure order in Texas state court. (Docket Entry No. 3 at 1). The state court granted the foreclosure application on June 16, 2017. (Docket Entry No. 3 at 2).

The Morrows were notified that the foreclosure sale would occur on May 1, 2018. They filed a state-court petition on April 26, 2018, seeking the following relief:

(1) a declaration that because Bank of America has "failed to cure [c]onstitutional defects in the loan documents" under § 50(a)(6), Bank of America breached a contract with the Morrows;

(2) a declaration that Bank of America's mortgage lien is invalid because it is "noncompliant with the Texas Constitution";

1

(3) a ruling that title to the property "be quieted in the [Morrows'] name"; and

(4) a permanent injunction requiring Bank of America to refrain from:

    a. "entering and taking possession of the property or otherwise interfering with the [Morrows'] right to quiet enjoyment and use of the property";

    b. "proceeding with or attempting to sell or foreclose upon the property";

    c. "attempting to purchase, transfer, assign, or collect on the mortgage"; and

    d. "charging [the Morrows'] account for attorney's fees."

(Docket Entry No. 1-1 at 6-12).

Bank of America timely removed and moved to dismiss for failure to state a claim. (Docket Entry Nos. 1, 3). The Morrows, who were previously represented by counsel but now represent themselves, did not respond to the motion to dismiss.

The motion to dismiss, (Docket Entry No. 3), is granted. The claims are dismissed, without prejudice and with leave to amend. The Morrows may file an amended complaint by **August 31, 2018.** Failure to do so will lead to dismissal, with prejudice. The initial conference is reset and will be held if needed on **September 17, 2018 at 8:30 a.m.**

The reasons for these rulings are explained below

## II. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc*., 78 F.3d 1015, 1017 (5th Cir. 1996). A court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc*., 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001) (internal quotation marks omitted). Consideration of documents attached to a defendant's motion to dismiss is limited to "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M. Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**III.** **Analysis**

    **A.** **The Breach-of-Contract Claim**

The Morrows allege breach of contract based on Bank of America's violation of Article XVI, § 50(a)(6)(M) of the Texas Constitution. In Texas, home-equity loans are regulated by the Texas

Constitution rather than by statute. *Thompson v. U.S. Bank Nat'l Ass'n*, 2016 WL 7670055, at * 2 (S.D. Tex. 2016) (citing *Sims v. Carrington Mortg. Serv., L.L.C.*, 440 S.W.3d 10, 13 (Tex. 2014)). The "terms and conditions" provided in § 50 "are not constitutional rights unto themselves," but "breach of contract is an appropriate cause of action for relief from a lender's post-origination failure to honor a home-equity loan's terms and conditions." *Kyle v. Strasburger*, 522 S.W.3d 461, 464–65 (Tex. 2017) (citing *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 478–79 (Tex. 2016)). The Morrows' claim is that, by closing less than 12 days after the Morrows' filed their loan application, and by failing to submit a final itemized disclosure one day before closing, Bank of America violated the terms and conditions required by the Texas Constitution. (Docket Entry No. 1-1 at 3–4, 9).

### 1. Article XVI § 50(a)(6)(M)(i).

The Morrows first allege that Bank of America violated Article XVI § 50(a)(6)(M)(I), which states:

> Article XVI, Section (a)(6)(M) protects Texas homesteads from forced sales for the payment of an extension of credit, unless the extension of credit 'is closed not before' . . .
>
> (i) the 12th day after the later of the date that the owner of the homestead submits loan application to the lender for the extension of credit or the date that the lender provides the owner a copy of the notice prescribed by Subsection (g) of [Article XVI § 50].

*Thompson*, 2016 WL 7670055, at *3 (quoting TEX. CONST. art. XVI § 50(a)(6)(M)). "The Texas Administrative Code defines the terms 'closed or closing' as 'the date when each owner and the spouse of each owner signs the equity loan agreement or the act of signing the equity loan agreement by each owner and the spouse of each owner.'" *Id*. (citing 7 TEX. ADMIN. CODE § 153.1).

4

Because the Morrows do not allege that the constitutional defect is due to a failure to provide notice, they must allege facts that could plausibly show that the Morrows closed less than 12 days after submitting the loan application to Bank of America. *Id.*; TEX. CONST. art. XVI § 50(a)(6)(M)(i). The Morrows state that the "loan application was not submitted at least 12 days before loan closing." But they do not allege when they sent or submitted the application. Nor do the documents properly considered on the motion to dismiss, including the loan application attached as Exhibit 3 to the petition, show when the application was delivered to Bank of America. Instead, the only date cited or in the record is May 12, 2014, the date the Morrows signed the application. (Docket Entry Nos. 3; 1-1, Ex. 3). Because the petition conclusorily alleges the elements of the breach-of-contract claim based on § 50(a)(6)(M)(i), the claim is dismissed, without prejudice and with leave to amend. The plaintiffs may file an amended complaint alleging the facts about when the loan application was not only signed, but also submitted and closed.

### 2. Article XVI § 50(a)(6)(M)(ii)

The Morrows also allege that Bank of America violated Article XVI, § (a)(6)(M)(ii) which "protects Texas homesteads from forced sales for the payment of an extension of credit, unless the extension of credit 'is closed not before'

. . .

> (ii) one business day after the date that the owner of the homestead receives a copy of the loan application if not previously provided and a final itemized disclosure of the actual fees, points, interest, costs, and charges that will be charged at closing. If a bona fide emergency or another good cause exists and the lender obtains the written consent of the owner, the lender may provide the documentation to the owner or the lender may modify previously provided documentation on the date of closing . . . .

*Thompson*, 2016 WL 7670055, at *3 (quoting TEX. CONST. art. XVI § 50(a)(6)(M)(ii)).

5

To sufficiently allege a violation of this section, the Morrows must allege facts showing that Bank of America failed "to provide an itemized disclosure of the actual fees, points, interest, costs, and charges that would be charged at least one [business] day before closing." *Glass v. Deutsche Bank Tr. Co.*, 2016 WL 4772282, at *2 (N.D. Tex. 2016) (citing TEX. CONST. art. XVI § 50(a)(6)(M)(ii)). The Morrows allege that "the loan did not close one business day after [they] received a final itemized disclosure." (Docket Entry No. 1-1 at 9). The Morrows cite a settlement statement, attached as Exhibit 4, which sets out an itemized list of fees the Morrows owed. (Docket Entry No. 1-1 at 9). The Morrows do not allege whether they received the itemized list at least one day before closing. *Id*.

As with the other Texas constitutional claim, the allegations as to § 50(a)(6)(M)(ii) are a conclusory recitation of the elements of the claim. The dates on the settlement statement attached to the petition are May 12, 2014, the date the Morrows signed the document, and May 16, 2014, the funding date. (Docket Entry No. 1-1, Ex. 4). The Morrows allege that "the loan did not close one business day after closing." (Docket Entry No. 1-1 at 9). That allegation could mean that the Morrows received the disclosure two or more days before closing, which would not violate § 50(a)(6)(M)(ii). Because the Morrows do no allege sufficient facts to show a violation of § 50(a)(6)(M)(ii), the breach-of-contract claim based that on that section is dismissed, without prejudice and with leave to amend.

### B. The Quiet-Title Claim

The Morrows assert a claim to quiet title in their favor by removing Bank of America's lien on the property. (Docket Entry No. 1-1 at 10). The Morrows concede that the note, deed of trust, and Bank of America's lien are facially valid, but instead argue that the note and deed of trust are

6

invalid because of the uncured constitutional violations. *Id.* Because the breach-of-contract claims based on violations of the Texas Constitution fail and Bank of America's lien on the property is valid, the quiet-title claim fails. The quiet-title claim is dismissed, without prejudice. The Morrows may amend their complaint to assert facts plausibly supporting that claim.

### C. The Declaratory Judgment Claim

The Morrows seek a declaratory judgment that Bank of America has failed to cure constitutional defects in the loan documents; that the mortgage lien is void; and that they are entitled to prevail on their quiet-title claim. The Texas Constitution states that a lender must "forfeit all principal and interest of the extension of credit if the lender or holder fails to comply with the lender's or holder's obligations under the extension of credit and fails to correct the failure to comply not later than the 60th day after the date the lender or holder is notified by the borrower of the lender's failure to comply." TEX. CONST. art. XVI § 50(a)(6)(Q)(x).

As discussed above, the Morrows have failed to properly plead an uncured constitutional defect in the loan documents. Because the declaratory judgment they seek requires a finding that there is an uncured constitutional defect, the declaratory judgment claim is dismissed, without prejudice and with leave to amend.

### D. Injunctive Relief

The Morrows also seek a permanent injunction enjoining Bank of America from proceeding with the foreclosure. (Docket Entry No. 1-1 at 12). Because the permanent injunction relies on the underlying claims discussed above, the injunctive relief claim is dismissed, without prejudice and with leave to amend.

## IV. Conclusion

The motion to dismiss, (Docket Entry No. 3), is granted. The claims are dismissed without prejudice and with leave to amend. The Morrows must file an amended complaint no later than **August 31, 2018.** Failure to do so will lead to dismissal, with prejudice. The initial conference is reset to **September 17, 2018 at 8:30 a.m.**

SIGNED on July 23, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge